RECORD IMPOUNDED

 NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R. 1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-1328-16T2

NEW JERSEY DIVISION OF CHILD
PROTECTION AND PERMANENCY,

 Plaintiff-Respondent,

v.

L.G.,

 Defendant-Appellant.
_________________________________

IN THE MATTER OF THE GUARDIANSHIP
OF A.L.G., a minor.
_________________________________

 Submitted October 4, 2017 — Decided October 24, 2017

 Before Judges Koblitz, Manahan and Suter.

 On appeal from Superior Court of New Jersey,
 Chancery Division, Family Part, Essex County,
 Docket No. FG-07-0182-16.

 Joseph E. Krakora, Public Defender, attorney
 for appellant (Daniel DiLella, Designated
 Counsel, on the briefs).

 Christopher S. Porrino, Attorney General,
 attorney for respondent (Andrea M. Silkowitz,
 Assistant Attorney General, of counsel; Alan
 R. Blankstein, Deputy Attorney General, on the
 brief).
 Joseph E. Krakora, Public Defender, Law
 Guardian, attorney for minor (Linda Vele
 Alexander, Designated Counsel, on the brief).

PER CURIAM

 Defendant L.G. appeals from a Family Part order dated November

15, 2016, terminating her parental rights to her daughter A.L.G.

(Ann)1, who was six years old at the time of the guardianship

trial.2 We affirm, substantially for the reasons stated by Judge

David Katz in his written opinion issued with the order.

 The evidence is outlined in detail in the judge's opinion.

A summary will suffice here. Ann was born in 2010. She was

removed from defendant in May 2015 due to defendant's inability

to care for her child due to her drug involvement. Defendant

admitted at that time that she had relapsed and was again using

heroin. Ann was immediately placed with her current resource

parent, who wishes to adopt her. According to the Division's

expert psychologist, Ann is bonded to her resource parent and

wishes to be adopted by her. The Law Guardian agrees with the

Division that termination of parental rights is in Ann's best

interests.

1
 Pursuant to Rule 1:38-3(d)(12), we use initials and fictitious
names to protect the privacy of the family.
2
 The child's father did not present himself as a placement nor
cooperate with the Division of Child Protection and Permanency
(Division). He defaulted, his parental rights were terminated,
and he does not appeal.
 2 A-1328-16T2
 Defendant had three older children. One died, another child

was an adult at the time of trial, and defendant's parental rights

to a third child had been involuntarily terminated and the child

adopted. The Division was relieved from the obligation to make

reasonable efforts to provide services to defendant, pursuant to

N.J.S.A. 30:4C-11.2, based on this prior involuntary termination

of parental rights. Nonetheless, the Division did offer defendant

various evaluations and opportunities for drug and psychiatric

treatment. The Division also evaluated individuals known to

defendant for placement who were ruled out. Defendant refused to

cooperate with a bonding evaluation and had not visited Ann for

more than six months at the time of trial. When she did participate

in visits, she was frequently not engaged with her daughter. She

had slurred speech and great difficulty staying awake during some

visits. Although recommended for in-patient treatment, defendant

was not willing to avail herself of that option. She tested

positive for both prescription drugs not prescribed to her, as

well as illegal substances, dozens of times after Ann was removed

from her custody.

 In his comprehensive opinion, Judge Katz found that the

Division had proven by clear and convincing evidence all four

prongs of the best interests test, N.J.S.A. 30:4C-15.1(a), and

that termination of defendant's parental rights was in the child's

 3 A-1328-16T2
best interests. On this appeal, our review of the trial judge's

decision is limited. We defer to his expertise as a Family Part

judge, Cesare v. Cesare, 154 N.J. 394, 412 (1998), and we are

bound by his factual findings so long as they are supported by

sufficient credible evidence. N.J. Div. of Youth & Family Servs.

v. M.M., 189 N.J. 261, 279 (2007) (citing In re Guardianship of

J.T., 269 N.J. Super. 172, 188 (App. Div. 1993)). After reviewing

the record, we conclude that the trial judge's factual findings

are fully supported by the record and, in light of those facts,

his legal conclusions are unassailable.

 Defendant contends that the trial judge erred in his findings

with regard to all four prongs of the best interests test and

admitted evidence improperly. Those arguments are without

sufficient merit to warrant discussion in a written opinion. R.

2:11-3(e)(1)(E).

 Affirmed.

 4 A-1328-16T2